FILED

FEB 15 2013

Clerk, U S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CITY OF FALLS CHURCH,<br>a political subdivision of the<br>Commonwealth of Virginia, City Hall,<br>300 Park Avenue,<br>Falls Church, VA 22046<br><br>    Plaintiff,<br><br>v.<br><br>ERIC HOLDER,<br>Attorney General of the<br>United States of America;<br>THOMAS E. PEREZ,<br>Assistant Attorney General,<br>Civil Rights Division, United States<br>Department of Justice, Washington, DC,<br><br>    Defendants. | Case: 1:13-cv-00201<br>Assigned To : Jackson, Amy Berman<br>Assign. Date : 2/15/2013<br>Description: 3-Judge Court<br><br><br>Three-Judge Court Requested |

## COMPLAINT FOR DECLARATORY RELIEF
## UNDER THE VOTING RIGHTS ACT

The Plaintiff City of Falls Church alleges that:

1. This is an action brought for declaratory relief pursuant to Section 4 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973b (hereinafter "Section 4"). This Court has jurisdiction over this action pursuant to 28 U.S.C. §1343(a)(4), 28 U.S.C. §2201, 42 U.S.C. §1973b, and 42 U.S.C. §1973*l*(b).

2. Plaintiff City of Falls Church ("Falls Church") is an independent city within the Commonwealth of Virginia, first settled in 1699. Falls Church is located in Northern Virginia, and is one of the two geographically smallest cities in Virginia, at only 2.2 square miles. Falls Church is also a political subdivision of the Commonwealth of Virginia and a

\

covered jurisdiction subject to the special provisions of the Voting Rights Act, including Section 5 of the Act, 42. U.S.C. § 1973c. 42 U.S.C. §1973b(a)(1).

3. According to the 2010 Census, Falls Church has a total population of 12,332, of which 79.9% are Non-Hispanic White; 4.3% are Non-Hispanic Black; 9.4% are Non-Hispanic Asian; 0.3% are Non-Hispanic American Indian; and 9.0% are Hispanic.

4. There are approximately 9432 registered voters in Falls Church as of February 2013. This represents an increase of more than 44% since November 2000, when there were 6529 registered voters.

5. Voter turnout in elections within Falls Church (*i.e.*, the percentage of those registered voters who cast ballots) varies according to the offices up for election. In the presidential election years of 2004, 2008 and 2012, voter turnout in Falls Church has remained quite high: 80.7% in 2004, 80.6% in 2008, and 77.8% in 2012. The number of ballots cast citywide also increased over the last ten years, from 6117 ballots cast in the November 2004 general election to 7315 in the November 2012 general election. Turnout in Falls Church for the last three non-presidential federal elections has also been high, but has fluctuated: 60.4% in 2002, 66.4% in 2006, and 51.7% in 2010. In non-federal election years (which include races for Governor and other state offices), voter turnout has also fluctuated. In the last three non-federal elections for state offices, the voter turnout (*i.e.*, the percentage of those registered voters who cast ballots) has been as follows: 29.7% in 2007, 50.7% in 2009, and 30.7% in 2011.

6. The City of Falls Church operates under the Council-Manager form of government and is governed by a seven-member City Council. Each member of the City Council is

elected at-large to a four-year term in nonpartisan elections. Terms are staggered, with four members elected in one cycle and three elected in a cycle starting two years later.

7. Falls Church also contains one governmental unit within its territory, the Falls Church School District. The School District is governed by a seven (7) member school board elected at-large by the registered voters of the City. Terms of office are four years in length and staggered in the same manner and held at the same time as the Falls Church City Council elections.

8. Since its inception in 1965, the Voting Rights Act has allowed jurisdictions that are subject to the special remedial provisions of the Act to seek a judicial decree exempting them from coverage under the special provisions if they can satisfy standards established in the Voting Rights Act. This exemption process is known as "bailout".

9. In 1982, Congress made changes in the exemption standards of the Voting Rights Act. As amended in 1982, Section 4 of the Voting Rights Act (42U.S.C. §1973b) provides that political subdivisions within jurisdictions that are covered under the special provisions of the Act are entitled to a declaratory judgment in this Court granting an exemption from the Act's special remedial provisions if, during the ten years preceding the filing of the action:

    A)    no test or device has been used either for the purpose or with the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group, within the State or political subdivision seeking a declaratory judgment;

    B)    no final judgment has been entered by any court determining that the political subdivision has denied or abridged the right to vote on account of race, color, or membership in a language minority group;

    C)    no Federal examiners have been assigned to the political subdivision;

    D)    all governmental units within the political subdivision have complied with the preclearance provisions of Section 5 of the Voting Rights Act, 42 U.S.C. §1973c; and

    E)    the Attorney General has not interposed any objection to any proposed voting change within the political subdivision and no declaratory judgment has been denied with regard to such a change by this Court under Section 5.

10. As described herein, Plaintiff City of Falls Church and the governmental unit within its territory have fully complied with the provisions of Section 4 of the Act.

11. As a political subdivision within a covered jurisdiction, Plaintiff Falls Church has been subject to certain special remedial provisions of the Voting Rights Act, including the provisions of Section 5 of the Act, 42 U.S.C. §1973c. Under Section 5 of the Act, known as the 'preclearance' provisions, covered jurisdictions, including the Plaintiff City of Falls Church and any elected governmental unit within its territory, are required to seek and obtain preclearance from either this Court or from the United States Attorney General of any change affecting voting, and such preclearance must be obtained prior to implementation.

12. Since 1965, Falls Church and the governmental unit within its territory have made numerous preclearance submissions to the United States Department of Justice pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. §1973c. No submission by Falls Church or the City School District has ever received an objection from the Attorney General. Neither Falls Church nor the City School District has ever sought judicial preclearance of any voting changes in this Court.

13. Several preclearance submissions were recently made by Falls Church after the Defendant Attorney General's office reviewed the elections records of the City of Falls Church in the course of considering the State's bailout request, and determined that several

minor changes were not reflected in the City's previous preclearance submissions to the Attorney General over the preceding ten years. The City's failure to make such submissions prior to implementation was inadvertent and not the product of any discriminatory purpose or an intent to evade review of those changes under the Voting Rights Act. Upon notice from the Attorney General, these matters promptly were submitted for preclearance review under Section 5, and no objection has been interposed to any of those minor voting changes.

14. Voter registration opportunities in Falls Church for Falls Church elections are readily and equally available to all citizens. Citizens may register to vote in person at City Hall or by mail. Applications to register by mail are available at Falls Church City Hall, at the Mary Riley Styles Public Library in Falls Church, and the local offices of the Division of Motor Vehicles.

15. No person in Falls Church has been denied the right to vote on account of race, color, or membership in a language minority group for at least the preceding ten years.

16. The City of Falls Church has not used a "test or device" as defined in the Voting Rights Act (42 U.S.C. §1973b(c)) as a prerequisite to either registering or voting for at least the preceding ten years.

17. No final judgment of any court of the United States has determined that denials or abridgments of the right to vote on account of race or color have occurred in Falls Church, nor has Falls Church entered into any consent decree, settlement or agreement resulting in any abandonment of a voting practice challenged on such grounds. There are no pending actions against Falls Church alleging such denials or abridgments of the right to vote.

18. No voting practices or procedures have been abandoned by Falls Church or challenged on the grounds that such practices or procedures would have either the purpose or the effect of denying the right to vote on account of race or color.

19. The Plaintiff City of Falls Church has not employed any voting procedures or methods of election that inhibit or dilute equal access to the electoral process by minority voters in Falls Church. Minority voters in Falls Church are not being denied an equal opportunity to elect candidates of their choice to any office in Falls Church.

20. Federal examiners have never been appointed or assigned to Falls Church under Section 3 of the Voting Rights Act, 42 U.S.C. §1973a.

21. Because there has not been any known intimidation or harassment of persons exercising rights protected under the Voting Rights Act in Falls Church within the last ten years, Falls Church has not had any occasion to take any action eliminating such activity.

22. Pursuant to 42 U.S.C. §1973b, Falls Church has "publicize[d] the intended commencement ... of [this] action in the media serving [the City of Falls Church] and in the appropriate United States post offices."

23. The allegations set forth in paragraphs 11 through 22, above, if established, entitle Plaintiff City of Falls Church and the Falls Church School District to a declaratory judgment under Section 4 of the Voting Rights Act, 42 U.S.C. §1973b, exempting Falls Church and the City's School District from the special remedial provisions of the Voting Rights Act.

WHEREFORE, Plaintiff City of Falls Church respectfully prays that this Court:

    A.    Convene a three-judge court, pursuant to 28 U.S.C. §2284 and 42 U.S.C. §1973b, to hear the claims raised in Plaintiff's complaint;

B.   Enter a declaratory judgment that Plaintiff City of Falls Church and the Falls Church School District are entitled to a bailout from the special remedial provisions of the Voting Rights Act; and

C.   Grant such other relief as may be necessary and proper as the needs of justice may require.

Respectfully submitted,

**FOR THE PLAINTIFF
CITY OF FALLS CHURCH:**

**J. GERALD HEBERT**
DC Bar No. 447676
Attorney at Law
191 Somervelle Street, #405
Alexandria, Va. 22304
Tel. (703) 628-4673
Email: hebert@voterlaw.com

**JOHN E. FOSTER**
City Attorney
300 Park Avenue
Suite 302 East
Falls Church, VA 22046
Tel. 703-248-5010
Email: jfoster@fallschurchva.gov